ASHBY LAW FIRM P.C.
Joseph R. Ashby (SBN 248579)
joseph@ashbylawfirm.com
1146 N. Central Avenue, #475
Glendale, California 91202
Telephone: (213) 393-6235

CM LAW PLLC
AASHEESH V. SHRAVAH
  (*to be admitted pro hac vice*)
13101 Preston Road, Ste. 110-1510
Dallas, TX 75240
Phone: (844) 285-4263

Attorneys for Plaintiff

PARMIDA, LLC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **Parmida, LLC,**<br><br>            Plaintiff,<br><br>      v.<br><br>**Jiaxing Super Lighting Electric Appliance Co., LTD., and Obert, Inc.,**<br><br>            Defendants. | Case No. 25-CV-10995<br><br>**Complaint for Declaratory Judgment of Patent Invalidity, Non-Infringement, Unfair Competition and Intentional Interference with Prospective Economic Advantage**<br><br>**DEMAND FOR JURY TRIAL** |

---

**PLAINTIFF PARMIDA LLC'S COMPLAINT FOR DECLARTORY JUDGMENT**

Plaintiff Parmida, LLC ("Parmida" or "Plaintiff") by its attorneys, CM Law PLLC and Ashby Law Firm, P.C., for its Complaint against Defendant Jiaxing Super Lighting Electric Appliance Co., LTD. ("Super Lighting") and Obert, Inc. ("Obert") (collectively, "Defendants"), alleges and states as follows:

## NATURE OF ACTION

1. This is an action for declaratory judgment of patent invalidity of U.S. Patent No. 10,670,197 ("the '197 Patent"), non-infringement, and unfair competition under California law.

2. A true and correct copy of the '197 Patent is attached hereto as **Exhibit 1**.

## PARTIES

3. Plaintiff Parmida, LLC is a California limited liability company organized and existing under the laws of the State of California with its principal place of business located at 453 South Spring Street, Suite 400, Los Angeles, California 90013.

4. Parmida is an ecommerce retailer of LED lighting products that sells base building lighting products such as recessed ceiling lights and tube lights. The small family-owned business that started in late 2008 has less than 15 employees nationwide and sells various lighting products, including tube lamps. Sales on Amazon.com ("Amazon") represent 90% or

more of Parmida's total sales in any given month.

5. Upon information and belief, Defendant Super Lighting is a corporation organized and existing under the laws of the People's Republic of China with its principal place of business at No. 1288 Jiachuang Rd., Xiuzhou Area, Jiaxing, Zhejiang, China.

6. Upon information and belief, Super Lighting is the current owner and assignee of the '197 Patent.

7. Upon information and belief, Defendant Obert is the North American affiliate of Super Lighting and is a corporation organized under the laws of the State of California with its principal place of business at 1380 Charles Willard St., Carson, CA 90746. Upon information and belief, Obert operates a sales office and warehouse at that address in Carson, CA, serving customers in the U.S. market.

8. Upon information and belief, Obert is the exclusive licensee of the '197 Patent and must be joined in any action relating to the '197 Patent.

## JURISDICTION AND VENUE

9. This action arises under the patent laws of the United States, including but not limited to 35 U.S.C. §101 et. seq.

10. Plaintiff seeks relief under the Federal Declaratory Judgement Act. Plaintiff has standing because Defendants filed in the past, and recently re-filed, claims of patent infringement to Amazon which has

resulted in the removal of several of Plaintiff's Amazon product listings. This product delisting from Amazon has stopped Plaintiff's sales on Amazon and caused significant financial and business loss. Defendants' actions thereby give rise to a case of actual controversy under 28 U.S.C. §§ 2201 et. seq.

11. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a), 1338(b), 2201 and 2202.

12. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because they are so related to the federal claims that they form part of the same case or controversy, including violation of the California Unfair Competition Laws. *California Business and Professions Code* § 17200.

13. This Court has personal jurisdiction over Super Lighting because it has made substantial and continuous sales to California consumers. This Court also has personal jurisdiction over Super Lighting because Obert acts as its exclusive licensee that has litigated several cases in California relating to infringement of several of Super Lighting's patents.

14. This Court has personal jurisdiction over Obert because it is incorporated in California, has a principal place of business and warehouse in California in this district, and maintains substantial and continuous

business operations in California.

15. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b) because Obert resides in this judicial district and has a regular and established place of business in this judicial district, and because a substantial part of the acts or events giving rise to the claims herein occurred and/or will arise in this judicial district.

## FACTUAL BACKGROUND

### Facts Relating to the Invalidity of the '197 Patent

16. The '197 Patent entitled "LED tube lamp" issued on June 2, 2020. The '197 Patent is a continuation of application No. 16/012,320, which issued as U.S. Patent No. 10,295,125 ("the '125 Patent") on May 21, 2019. A true and correct copy of the '125 Patent is attached hereto as **Exhibit 2**.

17. Defendants Super Lighting and Obert filed a patent infringement lawsuit against Current Lighting Solutions, LLC in the United States District Court for the Western District of Texas on May 24, 2022 (Civil Action No. 6:22-cv-534) based on the '125 Patent.

18. On December 14, 2022, Current Lighting Solutions, LLC filed a Petition for Inter Partes Review in the United States Patent & Trademark Office ("USPTO") of claims 1, 2, 6, 9-11, 13-15, 29-34, 36 and 39-41 the '125 Patent based on various prior art references (Case IPR 2023-00271). A true

and correct copy of the Petition is attached hereto as **Exhibit 3**.

19. On August 16, 2023, the USPTO issued an Order granting institution of inter partes review of these claims of the '197 Patent, for a review on all grounds of set forth by Current Lighting Solutions, LLC. A true and correct copy of the Order is attached as **Exhibit 4**.

20. Shortly after the grant of inter partes review, Defendants settled the litigation with Current Lighting Solutions and dismissed the case in the Western District of Texas on October 3, 2023. The Court dismissed the case on October 11, 2023. On October 13, 2023, a joint motion to terminate the inter partes review was filed so the USPTO never ruled on the invalidity of the claims of the '125 Patent.

21. The claims of the '125 Patent and the '197 Patent have substantially the same elements.

22. For example, below are the side-by-side comparisons of claim 1 of the '125 Patent and claim 1 of the '197 Patent:

| Claim 1 – '125 Patent | Claim 1 – '197 Patent |
|---|---|
| 1. An LED tube lamp, comprising: | 1. An LED tube lamp, comprising: |
| a lamp tube; | an illuminating region comprising at least a portion of a lamp tube; |

| | |
|---|---|
| two end caps, each of the two end caps coupled to a respective end of the lamp tube; | two non-illuminating regions, each of the two non-illuminating regions coupled to a respective end of the illuminating region and comprising an end cap coupled to a respective end of the lamp tube; |
| a power supply disposed in one or two end caps; | a power supply module disposed in one or two of the non-illuminating regions; |
| an LED light strip disposed on an inner circumferential surface of the lamp tube, | an LED light strip disposed in the LED tube lamp, |
| the LED light strip comprising a mounting region and a connecting region, the mounting region for mounting a plurality of LED light sources, the connecting region having at least two soldering pads, and the mounting region and the connecting region being electrically connected to the plurality of LED light sources and the power supply; and | the LED light strip comprising a mounting region disposed in the illuminating region and a connecting region disposed in one of the non-illuminating regions, the mounting region attached to an inner circumferential surface of the lamp tube; a plurality of LED light sources mounted on the mounting region; at least two soldering pads arranged on the connecting region, the mounting region and the connecting region being electrically connected to the plurality of LED light sources and the power supply module; and |
| a protective layer disposed on a surface of the LED light strip, | a protective layer disposed on a surface of the LED light strip, |
| the protective layer having a plurality of first openings to | the protective layer comprising a plurality of first openings arranged |

| | |
|---|---|
| accommodate the plurality of LED light sources and at least two second openings to accommodate the at least two soldering pads. | on the mounting region for disposing the plurality of LED light sources and at least two second openings arranged on the connecting region for disposing the at least two soldering pads. |

23. Upon information and belief, Defendants have never litigated the '125 Patent after the USPTO granted inter partes review of the claims of the '125 Patent.

24. Upon information and belief, Defendants have never litigated the '197 Patent.

25. Defendants have only asserted the '197 Patent on Amazon against Plaintiff. Upon information and belief, Defendants have only asserted claims 1-2 of the '197 Patent against Plaintiff.

26. The sole program provided by Amazon as a defense to patent infringement is the Amazon Patent Evaluation Express Program ("APEX"), which does not allow invalidity as a defense to a claim of patent infringement. Knowing this, Defendants have asserted the '197 Patent only on Amazon and continue to do so.

**Facts Relating to Defendants' Unfair Competition**

27. In early 2023, Defendant Super Lighting filed a complaint of patent infringement of the '197 Patent on Amazon against fourteen tube

lamp products that Plaintiff sells on Amazon. This caused Amazon to delist Plaintiff's products. Upon information and belief, Amazon delists products accused of patent infringement upon receiving a complaint and without performing its own investigation. Plaintiff filed a letter of non-infringement from their counsel with Amazon and was able to restore all fourteen products on Amazon.

28. In or about June 2025, counsel for Super Lighting again filed four different complaints for patent infringement based on the '197 Patent on Amazon for twenty-five of Plaintiff's tube lamp products, causing a delisting of all twenty-five products.

29. On or about July 3, 2025, Plaintiff filed a letter of non-infringement through their seller account on Amazon. On or about July 11, 2025, the products were restored on Amazon.

30. On or about August 11, 2025, Super Lighting submitted yet another complaint on Amazon for patent infringement of the '197 Patent for nine of Plaintiff's tube lamp products (part of the original twenty-five products that were removed in June 2025 and reinstated in July 2025), causing these products to again be delisted on Amazon.

31. Plaintiff again submitted a letter of non-infringement to Amazon. In September 2025, some of the product listings were reinstated. However, in late September 2025, the products were again removed from

Amazon. The listings have not been restored by Amazon as of the date of this Complaint.

32. Defendant Super Lighting has continuously asserted complaints of patent infringement on Amazon against Plaintiff since 2023 for a patent that it knows to be invalid, and continues to assert such complaints.

## COUNT I

**Declaratory Judgment of Invalidity of the '197 Patent**

33. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

34. The '197 Patent is invalid under Title 35 of the United States Code, 35 U.S.C. §1 et seq., including but not limited to §§ 102, 103 and 112.

35. The '197 Patent has a priority date of September 25, 2015, and is invalid under 35 U.S.C. § 103 because the claimed invention is obvious based on a combination of one or more of U.S. Patent No. 9,271,354 to Takahashi, U.S. Patent No. 8,833,965 to Shimasaki and U.S. Patent No. 9,338,853 to Guang.

36. Plaintiff seeks a declaration that the '197 Patent is invalid.

## COUNT II

**Declaratory Judgment of Non-Infringement of the '197 Patent**

37. Plaintiff repeats, reiterates, and realleges each and every

allegation contained in the foregoing paragraphs as if fully set forth herein.

38. Plaintiff's tube lamp products do not infringe at least claims 3-66 of the '197 Patent because they do not have certain elements required by these claims or their equivalent.

39. Plaintiff seeks a declaration that Plaintiff's tube lamp products do not infringe the '197 Patent.

## COUNT III

## Unfair Competition under California Law

40. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

41. Defendants' conduct amounts to unfair competition under Section 17200 et. seq., of the California Business & Professions Code, which prohibits any unlawful, unfair, or fraudulent business act or practice.

42. Defendants engaged in unfair competition by repeatedly asserting the '197 Patent knowing it is invalid to remove multiple products sold by Plaintiff on Amazon, where Plaintiff cannot assert invalidity of the '197 Patent as a defense.

43. Defendants engaged in unfair competition by repeatedly asserting the '197 Patent to remove multiple products sold by Plaintiff on Amazon despite Amazon restoring the product listings after Plaintiff submitted non-infringement positions. Defendants asserted the '197

Patent knowing that the assertion causes a product to be delisted from Amazon without Amazon performing a non-infringement analysis.

44. Plaintiff's business is substantially injured due to Defendants' unfair competition acts. Defendants' acts have removed approximately twenty-five tube lamp products on Amazon, which Plaintiff depends on for over 90% of its sales. Its revenue has decreased by over 50% since the removal of these products. Amazon's removal of Plaintiff's products have caused, and continues to cause, Plaintiff to lose substantial sales.

45. Plaintiff has incurred and continues to incur significant damages based on Defendants' assertion of the '197 Patent on Amazon, which it knows is invalid.

## COUNT IV

**Intentional Interference with Prospective Economic Advantage**

46. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

47. Plaintiff has an economic relationship with Amazon and with its customers, current and prospective, who shop for tube lamp products on Amazon.

48. Defendants knew about the relationship between Amazon and Plaintiff.

49. Defendants engaged in conduct that was wrongful by asserting

a patent they knew to be invalid to have Plaintiff's products delisted on Amazon.

50. Defendants intended to have Plaintiff's products delisted from Amazon by continuously submitting complaints to Amazon asserting patent infringement.

51. Plaintiff's relationship with Amazon was disrupted as all the tube lamp products Defendants submitted complaints for were delisted by Amazon.

52. Plaintiff has incurred and continues to incur significant damages based on Defendants' assertion of the '197 Patent on Amazon.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests this Court for an order and judgment in favor of Plaintiff Parmida LLC and against Defendants as follows:

A. That judgment be entered in favor of Plaintiff and against Defendants declaring that the '197 Patent is invalid;

B. That judgment be entered permanently enjoining and restraining Defendants, their officers, agents, servants, employees, attorneys, and those in active concert or participation with each or any of them, from any further acts of alleging or suggesting that Parmida's tube lamp products infringe the '197 Patent;

C. That judgment be entered requiring Defendants to retract or withdraw all Amazon complaints against Plaintiff to allow Plaintiff to sell its delisted products on Amazon;

D. That judgment be entered declaring that this case is exceptional in favor of Plaintiff under 35 U.S.C. § 285 and award Plaintiff the costs of this lawsuit including reasonable attorneys' fees;

E. That judgment be entered declaring that Defendants violated the unfair competition laws of California and enter appropriate permanent injunctions;

F. That judgment be entered declaring that Defendants are liable for intentional interference with prospective economic advantage under the laws of California and enter appropriate permanent injunctions;

G. Granting Plaintiff such other and further relief as this Court may deem just and proper under the circumstances, including Plaintiff's lost sales on Amazon due to the delisting of its products by Defendants.

Dated: November 15, 2025

Respectfully submitted,

By: */s/ Joseph R. Ashby*
Joseph R. Ashby

**ASHBY LAW FIRM P.C.**
Joseph R. Ashby (SBN 248579)
joseph@ashbylawfirm.com
1146 N. Central Avenue, #475
Glendale, California 91202
Telephone: (213) 393-6235

**CM LAW PLLC**

Aasheesh V. Shravah (*to be admitted pro hac vice*)
13101 Preston Road, Ste. 110-1520
Dallas, Texas 75240
Tel.: (844) 285-4263
Email: ashravah@cm.law


Attorneys for Plaintiff

# JURY DEMAND

Plaintiff hereby demands trial by jury on all claims and issues so triable.

Dated: November 15, 2025

Respectfully submitted,

By: _/s/ Joseph R. Ashby_____
Joseph R. Ashby

**ASHBY LAW FIRM P.C.**
Joseph R. Ashby (SBN 248579)
joseph@ashbylawfirm.com
1146 N. Central Avenue, #475
Glendale, California 91202
Telephone: (213) 393-6235

**CM LAW PLLC**

Aasheesh V. Shravah (*to be admitted pro hac vice*)
13101 Preston Road, Ste. 110-1520
Dallas, Texas 75240
Tel.: (844) 285-4263
Email: ashravah@cm.law

Attorneys for Plaintiff